Mary Estill Buchanan Secretary of State Department of State 1575 Sherman St., 2d Floor Denver, Colorado 80203
Dear Mrs. Buchanan:
This opinion letter is in response to your memo of June 24, 1981, in which you inquired as to whether a corporation could file a certificate for a trade name when another corporation already exists in the State of Colorado with the same corporate name.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents this question:
1. Can a corporation file a "Certificate of Assumed or Trade Name" for a particular trade name when another Colorado corporation is in existence having that same name as a corporate name?
 My conclusion is "no." It is my opinion that C.R.S. 1973, 7-71-101(3) specifically prohibits any corporation from registering a trade name in Colorado which is the same as the corporate name of an existing corporation.
ANALYSIS
In your request for an attorney general's opinion, you presented the following fact situation:
 Edo Galleries, Inc., was incorporated on November 1, 1977, and remained in good standing until March 23, 1981, when it was suspended for failing to appoint a registered agent pursuant to C.R.S. 1973, 7-3-111. Subsequent to that date the corporation failed to file a corporate report by May 1, 1981, pursuant to C.R.S. 1973, 7-10-109. On May 28, 1981, Edo Galleries, Inc. executed a bill of sale to Shichida Group, Inc., a Colorado corporation in good standing. Among other items conveyed to Shichida Group, Inc. was the name "Edo Galleries." On or about June 22, 1981, Shichida Group, Inc., attempted to file a "Certificate of Assumed or Trade Name" for the name "Edo Galleries, Inc."
 This filing was rejected by your office pursuant to C.R.S. 7-71-101(3), based on the fact that Edo Galleries, Inc., was still registered with the secretary of state and could become reinstated, revived, and operative anytime before January 1, 1985, by complying with C.R.S. 1973, 7-10-109(4).
The position of Shichida Group, Inc., is that the conveyance of the name was a conveyance of property, such that Shichida Group, Inc. should be able to file a trade name certificate for the "Edo Galleries, Inc.," notwithstanding the fact that "Edo Galleries, Inc.," has never dissolved and is still in existence under Colorado law. This position is not supported by law.
The statute governing registration of trade names, C.R.S. 1973,7-71-101 et seq., quite specifically prohibits a corporation from assuming a trade name which is the corporate name of an existing corporation. Section 7-71-101(3) provides:
 (3) Any assumed name used by any such corporation shall contain one of the words "corporation", "incorporated", or "limited", or one of the abbreviations "Corp.", "Inc.", or "Ltd." and shall be such as to distinguish it from the names of other domestic or foreign corporations
authorized to do business in this state and from the assumed names already in use by domestic or foreign corporations.
(Emphasis added.)
The plain language of this statute makes clear that a trade name must be one which distinguishes the corporation using that name from the corporate names of other corporations which are authorized to do business in Colorado. No exception is provided for an "existing but defunct" corporation. Rather, a defunct existing corporation is governed by C.R.S. 1973, 7-10-109(4) (Supp. 1980):
 (4) Until dissolved pursuant to section 7-8-113 (6) or otherwise, any suspended domestic corporation may become reinstated, revived, and operative by paying a reinstatement fee of fifty dollars, by making and filing a corporate report and paying the fee due upon filing such report for the year in which it is to be reinstated, by paying a late filing penalty of twenty-five dollars for that current year's report when filed after May 1, by paying a fee of seventy dollars for each year a required corporate report was not filed, and, if the corporation has been suspended under section 7-3-111 (3), by further making and filing the statement of change of registered office or registered agent and paying the fee due upon filing such statement. Upon the filing of such report and such statement, if required, and the payment of all such sums, such suspended and inoperative corporation shall thereupon become reinstated, revived, and operative.
Since Edo Galleries, Inc., can become reinstated, revived, and operative at this time under this statute, its corporate name cannot be used by any other corporation authorized to do business in Colorado. Section 7-71-101(3), supra. Of course, should Edo Galleries, Inc., be voluntarily dissolved its corporate name would then be freed for use as a trade name by Shichida Group, Inc. However conveyance of the name "Edo Galleries, Inc." does not affect a dissolution, and the secretary of state has no power to involuntarily dissolve Edo Galleries, Inc., on that ground. See People v.Zimbelman, 194 Colo. 384, 572 P.2d 830 (1977) and C.R.S. 1973, 7-8-113(6) (Supp. 1980). The conclusion is therefore inescapable that no other corporation may presently use the corporate name of Edo Galleries, Inc., as a trade name.
SUMMARY
To summarize my opinion, C.R.S. 1973, 7-71-101(3) prohibits a corporation from registering as a trade name the corporate name of an existing corporation even if that existing corporation is presently defunct. C.R.S. 1973, 7-10-109(4) (Supp. 1980).
Very truly yours,
 J.D. MacFARLANE Attorney General
CORPORATIONS TRADEMARKS AND TRADE NAMES
C.R.S. 1973, 7-71-101(3) C.R.S. 1973, 7-10-109(4) (Supp. 1980)
SECRETARY OF STATE DEPT. Corporation, Div. of
C.R.S. 1973, 7-71-101(3) prohibits a corporation from registering as a trade name the corporate name of an existing corporation, even if that existing corporation is presently defunct. C.R.S. 1973, 7-10-109(4) (Supp. 1980).